THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLIE SPRAGUE, 2D, Appellant.

Appeal — murder — motion to dismiss appeal from judgment of conviction of murder for lack of diligent prosecution — when motion should be denied, but counsel for appellant dismissed and other counsel appointed.

Although it appears, upon a motion to dismiss an appeal from a judgment of conviction of murder in the first degree for lack of diligent prosecution, that there has been a delay of over three years without sufficient reason therefor, the court will not grant the motion and affirm the judgment of conviction, because this would result in the execution of the appellant without an opportunity to be heard on appeal. It appearing, however, that the counsel assigned for appellant are chiefly responsible for the delay, their assignment should be vacated and other counsel be appointed to bring the appeal to an argument without further unnecessary delay.

(Submitted May 24, 1915; decided June 8, 1915.)

MOTION to dismiss an appeal from a judgment of the Supreme Court rendered February 9, 1912, at a Trial Term for the county of Yates, upon a verdict convicting the defendant of the crime of murder in the first degree.

The motion was made upon the ground of failure to prosecute the appeal.

1915.]                    Opinion *Per Curiam.*                    [215 N. Y.]

*Spencer F. Lincoln,* special counsel, for motion.

*Abraham Gridley* opposed.

*Per Curiam.* This is a motion to dismiss an appeal from a judgment of conviction of murder in the first degree for lack of diligent prosecution.

By this motion for the first time this court has the opportunity to condemn and correct, so far as it has any power under the law, what has been a scandalous delay in the administration of justice, and responsibility for which must rest upon the counsel for the People as well as upon those for the appellant.

The defendant was indicted for murder in the first degree in October, 1911, and was tried and convicted of said offense on February 8th, 1912. The notice of appeal from said judgment, which operated as a stay of proceedings, was served February 14th, 1912, but no proposed case and exceptions were served by the appellant's counsel until September, 1912. Amendments to said proposed case were served by counsel for the People and promptly settled on or before November 14th, 1912, by Mr. Justice CLARKE, before whom the case was tried. Through the delay of appellant's counsel and the failure of counsel for the People to make any motion to end the same, the printing and preparation of the record on appeal were so delayed that the record was not received from the printer and filed in the office of the clerk of this court until February, 1915, and no briefs on appeal have even now been filed.

The only reason given for this delay which even approximates substance is the one that there has been under consideration and now has been noticed for hearing a motion for a new trial on the ground of newly-discovered evidence, but we find in this assigned reason no excuse whatever for a delay of more than three years and a half from the date of judgment of conviction to the present time.

As stated, by this motion now made this court for the first time acquires power to· deal with this situation. The counsel for appellant were assigned by the Supreme Court and, therefore, not necessarily of his choice or completely under his control, and under these circumstances it is of course abhorrent to our sense of justice that the judgment should be affirmed and the appellant be executed without any opportunity to be heard on appeal, as would be the result if we granted the motion to dismiss the appeal. We think, however, that it is perfectly apparent that the counsel who in the larger measure have been responsible for the delay on which we have commented, should no longer be intrusted with the management of the appeal, and that the least which the court can do is to vacate the assignment of counsel now representing appellant and appoint in their place some one else who will bring the appeal to an argument without further unnecessary delay.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK, HOGAN, CARDOZO and SEABURY, JJ., concur.

Motion denied, etc.